IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMANDA SALINAS; OCTAVIANO V. SALINAS; REYES GARCIA; DIAMANTINA G. DELEON; and JAIME J. GARCIA, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. C-06-056 |
| v. | § § | |
| MERCK & CO., INC.; AMERISOURCE, INC.; BERGEN BRUNSWIG DRUG COMPANY d/b/a AMERISOURCEBERGEN; and DR. HUMBERTO BRUSCHETTA, | § § § § § § | |
| Defendants. | § § | |

**ORDER OF REMAND**

On this day the Court considered its subject-matter jurisdiction <u>sua sponte</u> in the above-styled action. For the reasons stated herein, the Court finds that subject-matter jurisdiction is lacking and the action is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Brooks County, Texas, where it was originally filed and assigned Cause No. 05-12-13185CV.

**I.     Jurisdiction**

Defendant Merck & Co., Inc. ("Merck") removed the action to this Court alleging diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332. Specifically, Merck alleged that the amount in controversy exceeds $75,000 and that Plaintiffs, who are citizens of Texas, and all properly joined Defendants are citizens of different states. Merck acknowledged that one of the Defendants, Dr. Humberto Bruschetta, is a Texas citizen, but argued that Defendant Bruschetta was improperly joined to defeat

diversity. (Notice of Removal ¶¶ 8, 18.) For the reasons stated below, the Court finds that Defendant Bruschetta was not improperly joined, and that the Court lacks subject-matter jurisdiction over the action.

## II.     Factual and Procedural Background

Plaintiffs Amanda Salinas, Octaviano V. Salinas, Reyes Garcia, Diamantina G. Deleon, and Jaime J. Garcia filed their Original Petition in state court on December 29, 2005, claiming Defendants Merck, Amerisource, Inc., and Bergen Brunswig Drug Company d/b/a AmerisourceBergen (collectively the "Drug Defendants") manufactured, marketed, promoted, sold and distributed Vioxx (Rofecoxib), a prescription drug designed to treat pain. (See Pls.' Original Pet. § VI.) Plaintiffs alleged that Defendant Bruschetta prescribed Vioxx to Plaintiff Amanda Salinas. (Id. §§ V, IX.) They further alleged that Plaintiff Amanda Salinas suffered complications and life-threatening injuries from taking Vioxx, and that the remaining Plaintiffs suffered damages, including, but not limited to, loss of consortium and loss of services. (Id. §§ V, X.)

Plaintiffs maintained that all the Defendants, including Defendant Bruschetta, "knew or should have known that Vioxx (Rofecoxib) caused unreasonably . . . dangerous side effects" (Pls.' Original Pet. § VII), nonetheless, the Defendants "failed to provide timely and adequate warnings or instructions . . . . The defective nature of this product is a contributing cause of [Plaintiff Amanda Salinas's] injuries." (Pls.' Original Pet. § VI.) Furthermore, Plaintiffs claimed that all the Defendants knew what use would be made of Vioxx and "impliedly warranted the product to be of merchantable quality, and safe and fit for such use." (Id. § VII.) Plaintiffs alleged that Amanda Salinas reasonably relied on this implied warranty, and that Vioxx turned out to be unreasonably dangerous. (Id.)

On January 10, 2006, Merck was served with Plaintiffs' Original Petition. (Notice of Removal ¶ 2.) Within 30 days of service, Merck, joined by AmerisourceBergen Drug Corporation,[1] removed the action to this Court on February 8, 2006, claiming nondiverse Defendant Bruschetta was improperly joined. See 28 U.S.C. § 1332. Defendant Bruschetta did not join the Notice of Removal.

**III.   Discussion**

The party seeking removal bears a heavy burden of proving improper joinder. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of Plaintiffs to establish a cause of action against the nondiverse Defendant. Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). As there is no allegation of actual fraud in the pleading, Merck establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiffs against nondiverse Defendant Bruschetta. See Crockett, 436 F.3d at 532. The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573. Ordinarily, if Plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder. Smallwood, 385

---

[1] Merck stated in its Notice of Removal that Plaintiffs incorrectly identified AmerisourceBergen Drug Corporation as Amerisource, Inc. and Bergen Brunswig Company d/b/a AmerisourceBergen. (Notice of Removal ¶ 1.)

F.3d at 573. If Merck fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. See 28 U.S.C. § 1332; 28 U.S.C. § 1447(c).

In their Original Petition, Plaintiffs claimed that Defendant Bruschetta negligently prescribed Vioxx to Plaintiff Amanda Salinas and/or failed to warn her about Vioxx's known side effects. (Pls.' Original Pet. § IX.) As previously noted, as long as Plaintiffs could conceivably recover damages from nondiverse Defendant Bruschetta, the action must be remanded.

### A.    Merck's Arguments

Merck advanced two arguments in support of removal. First, Merck argued that "Plaintiffs' allegations against [Defendant] Bruschetta [were] not supported by any facts – other than his alleged prescription of Vioxx." (Notice of Removal ¶ 23.) Under Texas law, the elements of a medical malpractice claim are:

(1)    a duty owed by Defendant physician to Plaintiff;
(2)    a breach of the physician's applicable standard of care;
(3)    injury or harm to Plaintiff; and
(4)    a causal connection between the breach and the injury or harm.

Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003) (citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989)).

In their Original Petition, Plaintiffs specifically alleged that "Defendant Humberto Bruschetta, M.D. prescribed Vioxx (Rofecoxib) to Plaintiff [Amanda Salinas]. Defendant Humberto Bruschetta, M.D. failed to warn and/or negligently prescribed the medication Vioxx (Rofecoxib) to Plaintiff [Amanda Salinas]." (Pls.' Original Pet. ¶ IX.) Plaintiffs further alleged that "[d]espite the fact that the Defendants[, including Defendant Bruschetta,] knew or should have known that Vioxx

(Rofecoxib) caused unreasonably . . . dangerous side effects . . . , the Defendants[, including Defendant Bruschetta,] continued to market and/or prescribe Vioxx . . . ." (Id. ¶ VII (emphasis added).)

Under Texas law, this type of affirmative act – prescribing medication – gives rise to a physician-patient relationship, which also gives rise to a duty on the part of the physician to "treat [the patient] with the skills of a trained, competent professional, and a breach of that duty may give rise to a malpractice action." Gross v. Burt, 149 S.W.3d 213, 221-22 (Tex. App. 2004). Furthermore, the physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug." Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App. 2000). Thus, in their Original Petition, Plaintiffs sufficiently pleaded the first element of a medical malpractice claim. Moreover, by its very definition, a claim of negligence is a claim that Defendant Bruschetta did not exercise the applicable standard of care. See Hammerly Oaks, Inc. v. Edwards, 958 S.W.2d 387, 393 (Tex. 1997); see also Diversicare Gen. Partner, Inc. v. Rubio, __ S.W.3d __, 2005 WL 2585490, at *4 (Tex. Oct. 14, 2005). Therefore, Plaintiffs adequately pleaded the second element. Likewise, Plaintiffs sufficiently pleaded the third and fourth elements because they claimed that Plaintiff Amanda Salinas's injuries were caused by Vioxx negligently prescribed by Defendant Bruschetta. Thus, Plaintiffs adequately pleaded a cause of action for medical malpractice against nondiverse Defendant Bruschetta under Texas law. Merck's first argument in support of removal fails.

Merck then argued that Plaintiffs could not recover against Defendant Bruschetta because they claimed that the Drug Defendants misrepresented Vioxx's safety and concealed the drug's dangers. Merck maintained that if it hid the dangers of Vioxx, then there would be no way for

Defendant Bruschetta to know of those dangers. Therefore, Merck argued that no viable claim against nondiverse Defendant Bruschetta could be asserted. This argument is unpersuasive as well.

Plaintiffs alleged in their Original Petition:

> Despite the fact that the <u>Defendants</u>[, including Defendant Bruschetta,] knew or should have known that Vioxx (Rofecoxib) caused unreasonably . . . dangerous side effects . . . , the <u>Defendants</u> continued to market and/or <u>prescribe</u> Vioxx (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.
> . . . .
> . . . <u>Defendants</u>[, including Defendant Bruschetta,] represented that the product was safe and fit for use when, in fact, it was not. Such conduct constitutes misrepresentations and negligent misrepresentations resulting in Plaintiffs' injuries and damages for which they sue.

(Pls.' Original Pet. § VII (emphasis added).)

The Court's reading of the Original Petition is: Plaintiffs alleged that all the Defendants, including Defendant Bruschetta, knew or should have known the dangers of Vioxx, but continued "to market and/or <u>prescribe</u>" the medication. (<u>Id.</u> (emphasis added).) The Court does not read Plaintiffs' allegations as Merck suggested that the Drug Defendants concealed from Defendant Bruschetta the drug's dangers or that Defendant Bruschetta was unaware of the dangers when prescribed Vioxx to Plaintiff Amanda Salinas. (<u>See</u> <u>id.</u>) Accordingly, Merck's second argument also fails.[2]

---

[2] The Court notes that the Honorable Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana, to whom the Vioxx multidistrict proceeding ("MDL 1657") was assigned, <u>see</u> In re Vioxx Products Liability Litigation, 360 F. Supp. 2d 1352 (J.P.M.L. 2005), had issued orders that support a finding that Plaintiffs could conceivably recover damages from the prescribing physician. For example, in his June 6, 2005 Order and Reasons, Judge Fallon stated:

> The [Plaintiffs'] prescribing physicians in MDL 1657 are potential defendants in the MDL, if they are not named defendants already. Furthermore, the prescribing physicians are either potentially or currently subject to indemnity agreements with Merck. Therefore, the Plaintiffs' prescribing physicians are not merely bystanders

**B.     Cases Involving Physicians**

In support of removal, Merck cited cases where courts denied remand upon finding that nondiverse physicians were improperly joined. (Notice of Removal ¶ 16.) Essentially, in these cases, remand was denied because: (1) the plaintiffs failed to allege the physicians negligently prescribed Vioxx, and/or (2) the plaintiffs alleged that the physicians were unaware of the dangers associated with Vioxx because Merck hid the information. For example, in Pikul v. Merck & Co., Inc., Civil Action No. H-03-3656 (S.D. Tex. Aug. 18, 2004), the court concluded that the physicians were improperly joined because: (1) the plaintiff referred to them "only in the petition's introduction of parties;" (2) with respect to allegations against the physicians, the plaintiff merely stated the dosage prescribed by the physicians; and (3) the plaintiff alleged that "Merck hid information about Vioxx from everyone – including the doctors." Similarly, in Estate of Flores v. Merck & Co., Inc., Civil Action No. C-03-362 (S.D. Tex. Mar. 15, 2004), the court stated that: (1) the only allegation that directly referred to the physician was that "Plaintiff Decedent was prescribed Vioxx by defendant Dr. Fuentes;" and (2) "the plaintiffs . . . claim[ed] that Merck failed to adequately and timely inform the healthcare industry[, including the defendant doctor,] of the risks of serious personal injury and death from Vioxx ingestion." Likewise, in Benavides v. Merck & Co., Inc., Civil Action No. L-03-134 (S.D. Tex. Feb. 24, 2004), the court noted that: (1) the only time the plaintiffs referred to the physicians by name was when alleging jurisdictional facts; and (2) the plaintiffs did not allege that the physicians "treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, . . . gave

---

       to this litigation. Rather, physicians who have prescribed Vioxx to Plaintiffs in this
       MDL have actualized or potential interests in this lawsuit . . . .

In re Vioxx Products Liability Litigation, 230 F.R.D. 470, 472 (E.D. La. 2005), modified, 230 F.R.D. 473, 478 (E.D. La. 2005).

her samples of the drug . . . [or] had any interaction with [Ms. Gutierrez.]" Additionally, this Court has reviewed other cases dealing with the same issue. E.g., <u>Eller v. Merck & Co., Inc.</u>, Civil Action No. C-04-096 (S.D. Tex. Jan. 7, 2005) (The court remanded the action upon finding that the nondiverse physician was properly joined.); <u>Garza v. Heart Clinic, P.A.</u>, Civil Action No. M-03-087 (S.D. Tex. July 31, 2003) (same); <u>Denny v. Merck & Co., Inc.</u>, Civil Action No. 03-510 (E.D. Tex. Apr. 19, 2004) (same).

This Court finds that the instant action is distinguishable from cases where courts found improper joinder. As previously discussed, this Court concludes that Plaintiffs adequately pleaded a cause of action for medical malpractice against nondiverse Defendant Bruschetta in the Original Petition. <u>See</u> <u>supra</u> pp. 4-5. In other words, the Court finds that Plaintiffs sufficiently alleged Defendant Bruschetta negligently prescribed Vioxx to Amanda Salinas. Additionally, as noted, this Court concludes that Plaintiffs sufficiently alleged all the Defendants, including Defendant Bruschetta, knew or should have known Vioxx's dangerous side effects, and continued to "market and/or prescribe" Vioxx nonetheless. (<u>See</u> Pls.' Original Pet. § VII.) Plaintiffs' Original Petition does <u>not</u> allege that Merck concealed from Defendant Bruschetta the dangers associated with the medication. Based on these reasons, the Court concludes that unlike cases where courts found improper joinder, the prescribing physician in this case was not improperly joined.

**IV.  <u>Conclusion</u>**

For the reasons stated, Defendant Merck has not met its heavy burden of showing nondiverse Defendant Bruschetta was improperly joined. Therefore, this Court does not have subject-matter jurisdiction over the action. The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Brooks County, Texas, where it was originally filed and assigned

Cause No. 05-12-13185CV.

    SIGNED and ENTERED this 7th day of March, 2006.

_____
Janis Graham Jack
United States District Judge